Foster *vs.* State.

these facts of themselves would entitle the complainants to an injunction.

*Orders affirmed, and*
*causes remanded.*

(Decided 17th December, 1889.)

STONE, J., dissented.

---

## JAMES FOSTER *vs.* STATE OF MARYLAND.

*Larceny of Bank note—Pleading.*

In an indictment under section 158 of Article 27 of the Code, for the larceny of a bank note of this or any other State, it is not necessary to charge that it was the note of a particular bank.

APPEAL from the Criminal Court of Baltimore.

The case is stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., STONE, MILLER, ROBINSON, BRYAN, and McSHERRY, J.

*Frank X. Ward*, for the appellant.

*Wm. Pinkney Whyte, Attorney-General*, for the appellee.

ROBINSON, J., delivered the opinion of the Court.

The prisoner was indicted under section 158 of Article 27 of the Code, for stealing "one bank note, for the payment of money, to wit, for the payment of twenty

dollars'' and divers other bank notes; and the sole question is whether it was competent for the State to offer in evidence, in support of the indictment, the stealing of a national bank note of the denomination of twenty dollars, issued by the *"Moravia National Bank."* Since the decision in *State vs. Cassel,* 2 *H. & G.,* 407, this can no longer be considered an open question. In that case, the prisoner was indicted under the Act of 1809, chap. 138, sec. 6, now section 158, of Art. 27 of the Code, for stealing *"one bank note for the payment of twenty dollars,"* and on motion in arrest of judgment, it was argued that the indictment ought to have charged the stealing of a bank note issued by some particular bank. The Court however said, "This Act speaks of a bank note or notes as the subject of larceny, without stating that they must be the notes of any particular bank or banks; and it would, therefore, seem to be reasonable, and we think the law requires nothing more in this case, than to charge the offence in the language of the statute."

We may add, the question underwent considerable discussion in a still later case, in England (*Rex vs. Johnson,* 3 *Maule & Sel.,* 539,) on an indictment under the embezzling Act of 39 Geo. 3, chap. 85. In that case, the indictment charged the prisoner with embezzling "divers bank notes, to wit, nine bank notes for the payment of money, to wit, the sum of £9, lawful money of Great Britain; and on writ of error it was contended, that the indictment was defective, because it did not describe the notes as the notes of some particular bank. But Lord ELLENBOROUGH, C. J., said he considered "that after the statute had made bank notes the subject of larceny, they might be described in the same manner as other things which have an extrinsic value;" that "to describe them as bank notes for the payment of money seemed to be a larger description than the statute strictly requires."

As it was sufficient, then, to charge the prisoner with stealing a bank note without setting forth the particular bank by which it was issued, it was competent for the State, in support of the indictment, to offer in evidence the stealing by the prisoner of a bank note, whether issued by the *"Moravia National Bank,"* or by any other bank.

This question was practically decided in this case by the Court below in overruling the demurrer to the indictment.

*Ruling affirmed, and*
*cause remanded.*

